UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUNG NYEO LEE, an individual; YI YEON CHOI, an individual; CHOON SOOK YANG, an individual; MAN SUN KIM, an individual; WOON JAE LEE, Personal Representative of the Estate of AE JA KIM, on behalf of such Estate and all statutory beneficiaries; MICHAEL SOHN, Personal Representative of the Estate of RICHARD SOHN, on behalf of such Estate and all statutory beneficiaries; JOHN CHOI, an individual; and YOONHEE CHOI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>INSURANCE CORPORATION OF BRITISH COLUMBIA, a foreign corporation,<br><br>Defendant, | Case No. 2:16-cv-00084<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT |

**I. INTRODUCTION**

This matter comes before the Court on Defendant Insurance Corporation of British Columbia's ("ICBC") motion to dismiss. Dkt. #21. Plaintiffs allege that Defendant violated the British Columbia Insurance (Vehicle) Act and certain Washington laws by denying them damages for injuries they sustained in an accident as passengers aboard a bus owned and operated by ICBC's

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT- 1

insured, Mi Joo Tour and Travel LTD ("Mi Joo"). Dkt #33 at 2. Defendant moves to dismiss, contending that Plaintiffs lack subject matter and personal jurisdiction and that British Columbia is the most appropriate forum. Dkt. #21 at 2-4. For the reasons set forth below, the Court finds as follows.

## II. BACKGROUND

ICBC is a Canadian corporation owned and subject to regulation by the British Columbia Government and the British Columbia Utilities Commission. Dkt. #21 at 5. ICBC exclusively provides universal public auto insurance to British Columbian citizens as well as driver licensing and vehicle registration and licensing. Dkt. #21 at 6. ICBC is statutorily limited to insuring vehicles registered in British Columbia and cannot solicit, market, or sell insurance in the United States. Dkt. #21 at 6. Plaintiffs were commercial passengers on Mi Joo's tour bus who were injured or killed during an accident on I-84 near Pendleton, Oregon. Dkt. #33 at 3-4, Dkt. #21 at 7. ICBC insured Mi Joo in British Columbia for bus tours commencing and traveling through the United States. Dkt. #33 at 4.

On December 22, 2012, Plaintiffs paid for their trips and boarded the bus operated by Mi Joo in the State of Washington. Dkt. #33 at 4. The tour was scheduled to be conducted entirely in the United States, ending where they began. Dkt. #33 at 5. On December 30th, the bus crashed leaving 9 passengers dead and 36 severely injured. Dkt. #33 at 5. Plaintiffs first bought claims against Mi Joo which were litigated and settled through arbitration. ICBC helped negotiate the resolution agreement on Mi Joo's behalf. Dkt. #21 at 8. ICBC paid the Plaintiffs $10 million in settlement funds as a third-party benefit in order to indemnify Mi Joo against Plaintiffs' claims. Dkt. #21 at 8. Plaintiffs then filed a suit against ICBC in King County Superior Court for breach of contract, tortious breach of the implied covenant of good faith and fair dealing, and anticipated breach of the Washington Insurance Fair Conduct Act ("IFCA"). Dkt. #21 at 8. The case was removed to federal court in January of 2016. Dkt. #21 at 8. Plaintiffs claim that as "additional insureds" they are

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT- 2

entitled to certain benefits to be paid by ICBC including wage loss, medical reimbursement, and funeral expenses. Dkt. #33 at 5.

### III. ANALYSIS

Defendant argues that the Court lacks subject matter jurisdiction over this matter because ICBC is an instrumentality of a foreign state protected from suit under the Foreign Sovereign Immunity Act ("FSIA"). Dkt. #21 at 12-14. Plaintiffs do not contest the nature of ICBC as an instrumentality of a foreign state. Rather, they argue that two exceptions to FSIA immunity apply, each of which is considered below.

Subject matter jurisdiction is necessary for a court to have the authority to adjudicate the type of issue arising in the case. Plaintiffs have the burden of establishing that the Court has the power to hear this dispute; if they cannot do so, then the case should be dismissed. State v. B.P.M., 97 Wn. App. 294, 298 (1999). The FSIA is the exclusive source of subject matter jurisdiction over cases regarding foreign states and their instrumentalities in United States courts. 28 U.S.C. § 1330; §1602. FSIA grants foreign states, including their agencies and instrumentalities, immunity from the jurisdiction of all courts of the United States, both federal and state. 28 U.S.C. §1602.

1. Commercial Activity Exception

There are a number of exceptions to this immunity from suit in United States jurisdictions, including the commercial activity exception. This exception allows a suit to be brought against a foreign state or instrumentality if the action is:

> based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

28 U.S.C. §1605(a)(2). The statute defines commercial activity as "either a regular course of commercial conduct or a particular commercial transaction or act." 28 U.S.C. §1603(d). To constitute a direct effect in the United States sufficient to qualify for the exception, the plaintiff's cause of action must have a connection which follows as an immediate consequence of the

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT- 3

defendant's commercial activity in the foreign state. Saudi Arabia v. Nelson, 507 U.S. 349, 358 (1993). Furthermore, only a plaintiff who bases their lawsuit on the formation of the insurance contract as a named insured can avail themselves of the commercial activity exception to the FSIA in the context of a foreign sovereign insurance company. W. Protectors Ins. Co. v. Ins. Corp., 2009 WL 159212 at *4 (W.D. Wash. Jan. 22, 2009).

The commercial activity of ICBC, namely the issuing of the insurance to Mi Joo, happened in British Columbia and was not carried out in the United States. Plaintiffs' claims must therefore arise from a direct effect of the sale of the insurance policy. The existence of the policy in no way caused the accident at issue. Plaintiffs claim, however, that they are named insureds under the contract and entitled to sue directly for coverage. Plaintiffs were not named in the insurance policy or involved in the formation of the contract between Mi Joo and ICBC. Dkt. #25 at 11. Rather, they argue that "occupants" of insured vehicles are defined as insureds under to the British Columbia Insurance (Vehicle) Act. Dkt. #25 at 11. Neither the term "occupants" nor an expansive definition of "insureds" can be found anywhere in the Insurance (Vehicle) Act. Dkt. #21-2 at 44.

Plaintiffs rely on Dumont v. Saskatchewan Government Ins., 258 F.3d 880 (8th Cir. 2001), to show that the passengers of the tour bus were covered under ICBC's insurance policy as insureds giving rise to a direct causal connection between the commercial activity in British Columbia and their coverage claims. Dkt. #25 at 11. However, in Dumont, the plaintiffs were intended beneficiaries of the insurance contract and therefore entitled to recovery as insureds. Unlike Plaintiffs here, they were not simply occupants of an insured vehicle who had no involvement with the formation of the insurance policies. State Farm Mut. Auto. Ins. Co. v. Ins. Co. of B.C., 2010 WL 331786 at *9-10 (D. Oregon Jan. 25, 2010). Plaintiffs may have had a right to coverage under the policy, but they were not named insureds. ICBC's negotiation and sale of a policy to Mi Joo in Canada is not causally connected to the accident which gave rise to these claims. Plaintiffs cannot prove that their cause of action follows as an immediate consequence of ICBC's commercial activity and therefore cannot avail themselves of the commercial activity exception to the FSIA.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT- 4

2. Tortious Act Exception

Plaintiffs also allege that ICBC committed a tortious act by failing to provide them with insurance benefits in bad faith in violation of the IFCA. In order to establish the tortious act exception to sovereign immunity, there must be damages "sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state..." 28 U.S.C. §1605(a)(5). In addition, the claim cannot be based on "the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused." 28 U.S.C. §1605(a)(5)(A). To analyze the discretionary function exception to this claim, the Ninth Circuit has established a two-pronged test where the court will first look to "the nature of the conduct, rather than the status of the actor" and then will examine the acts to determine if they were "grounded in social, economic, or political policy." Joseph v. Office of Consulate General of Nigeria, 830 F.2d 1018, 1026 (9th Cir. 1987). If the action taken involves the exercise of policy judgment, even by subordinates on the operational level, then it falls under the discretionary function exception and sovereign immunity cannot be overcome. Id.

ICBC made a choice on how to implement and issue policy benefits. That choice is a discretionary decision that does not abrogate sovereign immunity even if tortious. The nature of the conduct is grounded in social, economic, and political policy judgement of the foreign government by choosing who is insured under their national policy and who gets to collect on that insurance, especially with regards to individuals who were never named insureds in the policy and had no part in its formation.

Plaintiffs' arguments in favor of granting them exceptions to the FSIA and allowing them to bring suit against ICBC fail, and subject matter jurisdiction cannot be established. The Court need not consider other arguments for dismissing the case.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT- 5

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiffs' first amended complaint, Dkt. #33, is GRANTED. Plaintiffs' claims are DISMISSED for lack of subject matter jurisdiction. The Clerk of the Court is directed to enter a judgment in favor of Defendant against Plaintiffs.

Dated this 24th day of August, 2017.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge